UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CHILD PROTECTIVE SERVICES; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; MAUREEN BARTLETT; and TRESA MOREAU,<br><br>　　　　　　Defendants. | CASE NO. 3:23-cv-5581 MJP<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

The Court issues this Order sua sponte after reviewing Plaintiff's Complaint. (Dkt. No. 5.) Having reviewed the Complaint, the Court finds Recinos has failed to state a viable claim against Defendants. The Court DISMISSES Recinos' Complaint without prejudice.

Shortly after filing her claim, Recinos was granted leave to proceed in forma paurperis ("IFP") pursuant to 28 U.S.C. § 1915(e)(1). When a litigant is proceeding IFP, a court may dismiss the action if it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal is only proper if it is clear the plaintiff cannot prove any set of facts in support of the claim that would entitle her to relief. Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint and construe[s] them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). The Court "construe[s] [a pro se plaintiff's] pleadings liberally and . . . afford[s] the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks omitted).

Here, Recinos alleges that her four minor children were "kidnapped" by the State of Washington and brought to Child Protective Services ("CPS"). (Complaint at 5.) Recinos states that all court notifications regarding her children were given to her mother instead of her. (Id.) Recinos requests CPS be charged with child abuse and neglect, along with criminal charges for her mother and $3.25 million dollars in damages. (Id.)

      Recinos' Complaint fails to state a valid claim for relief for several reasons. First, it is unclear what claims Recinos is bringing against the various Defendants. For the basis of federal question jurisdiction Recinos cited to the Declaration of Independence, which is not a legal basis that provides a cause of action for relief. Second, Recinos fails to plead sufficient facts that would allow the Court to draw an inference that any of the Defendants are liable and that Recinos is entitled to relief. Recinos makes no mention of the Department of Social and Health Services or Maureen Bartlett, yet names them both as Defendants. It is unclear the extent to which either is involved, if at all, in Recinos' case. Recinos' mother, Tresa Moreau is also named as a Defendant, however, it appears her only involvement is due to receiving notices regarding the children's removal from Recinos' custody and trying to adopt the children. Neither of these supports a cause of action against Moreau. Finally, Recinos asks for criminal charges to be brought against CPS and her mother. But Recinos cannot bring a private right of action based on a criminal statute. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (finding that criminal provisions provide no basis for civil liability). Therefore, any requests for criminal charges fail. For these reasons, the Court finds Recinos has failed to state a claim upon which relief can be granted.

      Recinos also seeks monetary damages from State agencies that are immune from suit. Recinos names Child Protective Services and the Department of Social and Health Services as Defendants. Under the Eleventh Amendment, states and its agencies enjoy sovereign immunity from private suits for damages or injunctive relieve in federal court. Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). Three exceptions to this exist. First, a state may waive its immunity by consenting to the suit. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1990). Second, Congress may subject states to suit in federal

court pursuant to lawmaking powers conferred by the Constitution itself. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 80 (2000). Third, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. Seminole Tribe of Fla. V. Fla., 517 U.S. 44, 73 (1996). Because Recinos is attempting to sue two state agencies for $3.25 million dollars and there is nothing to suggest that any of the three exceptions to the Eleventh Amendment exist, these claims fail. Accordingly, the Court dismisses them pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court DISMISSES Recinos' Complaint for failing to state a claim on which relief may be granted. This action is dismissed without prejudice. Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect [], a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.") Should Recinos wish to fix the issues with her Complaint, she may file an amended complaint within thirty (30) days of this Order. The Court is aware that Recinos has filed several additional documents and motions in this case. The Court informs Recinos that the Court will not consider any additional motions filed in this case unless and until she files an amended complaint that fixes the issues discussed above.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 2, 2023.

Marsha J. Pechman
United States Senior District Judge