UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TIFFANY RECINOS,<br><br>    Plaintiff,<br><br> v.<br><br>CHILD PROTECTIVE SERVICES; DEPARTMENT OF SOCIAL AND HEALTH SERVICES; MAUREEN BARTLETT; and TRESA MOREAU,<br><br>    Defendants. | CASE NO. 3:23-cv-5581 MJP<br><br>ORDER DISMISSING CASE WITH PREJUDICE |

  This matter comes before the Court on Plaintiff's Amended Complaint. (Dkt. No. 17.) The Court previously issued an Order <u>sua sponte</u> dismissing Plainitff's Complaint under 28 U.S.C. § 1915(e)(1) for failure to state a claim and seeking monetary relief against defendants who are immune from such relief. (Dkt. No. 16.) The Court found that Plaintiff failed to explain what cause of action she was bringing against the Defendants and also failed to allege sufficient facts that would demonstrate she is entitled to relief. (<u>See</u> Order at 3-4.) The Court gave Plaintiff

ORDER DISMISSING CASE WITH PREJUDICE - 1

1    thirty (30) days to file an amended complaint that fixed the deficiencies in the Complaint. (Id. at 4.)

2    Plaintiff's Amended Complaint fails to address the issues identified by the Court. Plaintiff initially brought this action against Child Protective Services ("CPS"), the Department of Health and Social Services ("DSHS"), Maureen Bartlett and Tresa Mareau. Her Amended Complaint now names the Equal Employment Opportunity Commission ("EEOC") Commissioner as the sole defendant. But Plaintiff's Amended Complaint similarly fails to state what cause of action is being brought against the Commissioner and lacks any factual allegations to support a cause of action. The only change Plaintiff appears to have made is an allegation of a public disclosure violation by CPS, DSHS, and the Department of Corrections. There is no mention of the EEOC's involvement. Nor are there any additional facts to support a cause of action against the initial Defendants. Rather, the Amended Complaint is simply a paragraph that lists Plaintiff's grievances against state agencies and family members. Because Plaintiff's Amended Complaint wholly fails to articulate any facts that would plausibly lead to relief, the Court DISMISSES Plaintiff's Amended Complaint with prejudice.

3    Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave [to amend] when justice so requires" and "requests for leave should be granted with 'extreme liberality.'" See Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by any amendment." Id. "The district court's discretion is particularly broad in cases such as this, where [Plaintiff] has previously been granted leave to amend and fails" to remedy the prior complaint's defects. Rubke v. Capitol Bancorp, Ltd., 551 F.3d 1156, 1167 (9th Cir. 2009).

1    Plaintiff has been given an opportunity to fix the defects in her initial Complaint, which were outlined by the Court in it's Order Dismissing the Complaint. She failed to address any of the issues. Her Amended Complaint consists of conclusory allegations against a variety of individuals and references to all the "legal wrongs" that have occurred in Plaintiff's life. There is nothing in Plaintiff's Amended Complaint that could be saved by further amendment. Therefore, the Court DISMISSES the Amended Complaint with prejudice. All of Plaintiff's pending motions are DISMISSED as moot.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 7, 2023.

Marsha J. Pechman
United States Senior District Judge