1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

TIFFANY RECINOS,

CASE NO. 3:23-cv-5581 MJP

11

Plaintiff,

ORDER REVOKING IN FORMA
PAUPERIS STATUS

12

v.

13

14

15

CHILD PROTECTIVE SERVICES,
DEPARTMENT OF SOCIAL AND
HEALTH SERVICES, MARUEEN
BARTLETT, and TRESA MOREAU,

16

17

This matter comes before the Court on referral from the Ninth Circuit Court of Appeals

18

for the limited purpose of determining whether in forma pauperis ("IFP") status should continue

19

for the sake of Plaintiff's appeal or whether the appeal is frivolous or taken in bad faith. (Dkt.

20

No. 50.) The Court finds that Plaintiff's appeal to the Ninth Circuit is frivolous and revokes her

21

IFP status.

22

A litigant who cannot afford the expense of an appeal may move for leave to proceed

23

IFP. Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(1). But "[a]n appeal may not be taken in forma

24

pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §

ORDER REVOKING IN FORMA PAUPERIS STATUS - 1

1    1915(a)(3); Hooker v. Am. Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). A "good faith" appeal

2    must seek review of at least one "non-frivolous" issue or claim. Id. An issue is "frivolous" where

3    it "lacks an arguable basis either in law or in fact." Neitze v. Williams, 490 U.S. 319, 325 (1989).

4    Legally frivolous claims are those "based on an indisputably meritless legal theory," such as

5    claims against defendants who are immune from suit or for infringement of a legal interest that

6    clearly does not exist. Id. at 327. Factually frivolous claims are those premised on "clearly

7    baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." Id. at

8    327-28.

9            Plaintiff has not shown she brought this appeal in "good faith" because she fails to seek

10   review of at least one "non-frivolous" issue or claim. Hooker, 302 F.3d 1092. This Court sua

11   sponte issued an Order dismissing Plaintiff's complaint under 28 U.S.C. § 1915(e)(1) for failure

12   to state a claim for relief because the complaint was devoid of any factual allegations that would

13   give rise to relief. (Dkt. No. 16.) The Court gave Plaintiff thirty (30) days to file an amended

14   complaint. Plaintiff filed an amended complaint alleging new claims against a new defendant

15   that was completely unrelated to the initial complaint and similarly lacked any factual basis for

16   the claim. Plaintiff did not fix the defects in her initial complaint and the Court found the

17   amended complaint similarly consisted of conclusory allegations without any factual basis to

18   give rise to relief. (Dkt. No. 22.) The Court dismissed Plaintiff's Complaint with prejudice

19   because it found the complaint could not be saved by further amendments. (Id.) Plaintiff now

20   wishes to appeal the Court's Order dismissing her complaint. (Dkt. Nos. 42, 45, 48.) But

21   Plaintiff's appeal is premised on the same baseless factual contentions as her complaint. Because

22   Plaintiff's complaints were premised on meritless legal theories that had no factual basis, an

23   appeal of the Court's dismissal of those complaints would fair no better.

24

ORDER REVOKING IN FORMA PAUPERIS STATUS - 2

1    The Court has not found that "at least on issue or claim" Plaintiff wishes to appeal is

2  "non-frivolous," Hooker, 302 F.3d at 1092, therefore, the Court certifies the proposed appeal is

3  not taken in good faith under 28 U.S.C. § 1915(a)(3). The Court revokes Plaintiff's IFP status

4  pursuant to Fed. R. App. P. 24(a).

5    The clerk is ordered to provide copies of this order to Plaintiff and the Ninth Circuit

6  Court of Appeals.

7    Dated November 1, 2023.

8

9                                    Marsha J. Pechman
                                    United States Senior District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24